## KERTING *v.* AMERICAN OLEOGRAPH Co. and others.

*(Circuit Court, N. D. Illinois.* December 23, 1881.)

1. REMOVAL OF CAUSES—MOTION TO REMAND.

    A bill was filed in a state court on October 21, 1880, and the cause was at issue and standing for hearing on November 30, 1880. Under the law of the state there was a term of that court held every month, commencing on the third Monday of each month, and the rule of the court in the trial of equity cases was that where any chancery case is at issue, upon notice and motion of either party, a cause, at any time within 10 days of the commencement of a term for which a trial calendar may be ordered made, may be placed on the trial calendar, etc. The cause was placed upon the trial calendar on March 30, 1881, and an application was made to the state court on May 16, 1881, to remove the cause to the circuit court of the United States, when a record of the cause was filed in that court. *Held,* on a motion to remand, that the cause must be remanded to the state court, on the ground that the application for removal was made too late, within the meaning of the third section of the act of congress of 1875.

Motion to Remand.

*C. M. Hardy,* for complainant.

*Conger & Gorten,* for defendant.

DRUMMOND, C. J.     A motion is made in this case to remand it to the circuit court of Cook county.     The bill was filed in that court on the twenty-first of October, 1880, and the process issued in the cause was returned to the November term.     Under the law there is a term every month of that court, commencing on the third Monday of each month.     The answers were filed to the bill on the sixteenth of November, 1880.     On the thirtieth of March, 1881, an order was made by the state court on the application of the plaintiff, and due notice that the cause should be set for hearing for the April term next.     On the sixteenth of May, 1881, during the April term, and before the cause was heard, an application was made, under the act of 1875, for the removal of the cause to this court upon the proper petition and bond filed.     There was at that time filed in this court a record from the state court; and, some time since, objection was made that the application for removal had not been made in time, which was then held not to be valid, because, by the transcript from the state court, it did not appear that any replication had been filed to the answer, and that the cause was at issue.     Since then there has been a supplemental transcript filed from the state court, from which it appears that, after this objection was taken in this court, an application was made to the state

court to file a replication, because a replication had been filed on the thirtieth of November, 1880, which had been lost, or could not be found. The court, upon evidence which it deemed satisfactory, allowed a replication to be filed as of that day. The order of the court is a *nunc pro tunc* order, not in form finding that there was a replication filed on the thirtieth of November; but taking the whole proceedings of the court together, with its order upon this subject, it is clear that the court must have been satisfied that there was a replication filed on that day. It is objected by the defendants seeking a removal that the state court had no right, as this court had obtained jurisdiction of the cause, to make this order; but if it be a fact that the replication was filed on that day, and it was lost or mislaid, there can be no doubt that it was competent for the court, irrespective of the question of removal, to allow the replication to be supplied by a similar paper. This authority the court had under the statute of this state of March 19, 1872, and probably at common law, independent of the statute. It appears that at the time the cause was set down for hearing, and perhaps before that, some search had been made for a replication and none could be found; and the attention of the court was called to the fact that there did not appear to be any replication among the files of the cause. It is not stated at what precise time search was made by the defendants' counsel for the replication and none was found.

The question involved in the cause, then, is whether under these facts the application for a removal was made in time. We must assume that a replication was filed on the thirtieth of November, 1880. Under the statute of the state upon the subject the cause was then to be deemed at issue and standing for hearing. It was competent for either party to call up the cause for hearing upon oral evidence to be taken in court. Under the statute of the state replications are general, and are to be filed within a certain time after the plaintiff or his attorney has been served with notice of answer filed. Consequently, up to the time when the petition for the removal of the cause was filed, there had occurred the November, December, January, February, and March terms of the circuit court of the state. There should be, perhaps, excluded from this list the month of November, as the replication was not filed until the last day of that month. The third section of the act of 1875 requires, in order to remove a suit from a state to the federal court, that the petition for removal must be filed in the state court before or at the term at which the case could be first tried and before the trial thereof. This cause had not

been heard or tried in the state court. Could it have been tried before the April term of the state court? Unless there is some rule of the state court which prevented it from being heard before the April term, then it could hardly be said to be within the contingency named in the statute.

The rule in the state court upon the trial of chancery cases is as follows:

"When any chancery case is at issue, upon notice and motion of either party a cause, at any time within 10 days of the commencement of a term for which a trial calendar may be ordered made, may be placed on the trial calendar. The cases on such calendar shall be called and tried on Tuesday, Wednesday, Thursday, and Friday of each week. No more than five cases shall be fixed for trial on the same day; but if the court is behind in the call of the calendar, not exceeding six cases may be called for trial any one day. All cases shall appear on the calendar in the order of the notice and motion. All cases remaining undisposed of upon any calendar shall, without further order, be placed at the head of the next (new) calendar."

We have already stated that upon the transcript from the state court we must assume that the replication was filed to the answer on the thirtieth of November. It was then competent for either party to place the cause on the trial calendar for the term of December, January, February, or March. It was not, in point of fact, placed upon the trial calendar until the thirtieth of March, but it could have been by the defendants long before that time, as well as by the plaintiff; and it is difficult to understand, therefore, how, under the circumstances of this case, we can say that this application of the sixteenth of May, 1881, for the removal of the cause to this court, was made to the state court before it could there be tried. There certainly can be no inference to that effect drawn from what appears to this court. And the result is that the case must be remanded, on the ground that the application made for removal was too late, within the meaning of the third section of the act of congress of 1875.